IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WAYNE STACEY JONES #N60716, )
)
          Plaintiff, )
)
v. )   No. 05 C 2387
)
MOTEL 6, et al., )
)
          Defendants. )

MEMORANDUM OPINION AND ORDER

Wayne Stacey Jones ("Jones") has just tendered a Complaint against Motel 6, Fernado Ruiz ("Ruiz") and David Schultz ("Schultz"), using the form of 42 U.S.C. §1983 ("Section 1983") Complaint that the Clerk's Office provides for use by persons in custody (Jones is confined at the Sheridan Correctional Center ("Sheridan")). Jones has accompanied his Complaint with an Application To Proceed In Forma Pauperis ("Application") and a printout showing the transactions in his trust fund account at Sheridan (see 28 U.S.C. §1915(a)(2)[1]). This memorandum opinion and order (1) grants Jones leave to proceed without full prepayment of the $250 filing fee, although he must pay that fee in future installments, and (2) dismisses both the Complaint and this action for the reasons stated here.

To begin with, even though Jones' lawsuit does not relate to prison matters and also cannot be brought under Section 1983

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

lawsuit, however, for this Court must read his pleading through the generous lens prescribed by <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam).[2] But it is also clear that the only other potential basis for a federal action is not viable either. Jones first complains of alleged sexual harassment and race discrimination by then fellow employee Ruiz and of the asserted failure by manager Schultz to take proper action when Jones complained back in August 2002, after which Jones was discharged in September 2002--assertedly in retaliation for his complaints of discrimination by Ruiz. In those respects Complaint III.B says that Jones had filed complaints with EEOC and the Illinois Department of Human Relations, but the Complaint provides no indication (1) that he thereafter received the necessary right-to-sue letter from EEOC or (2) that this lawsuit has been filed, as it must be, within 90 days after such receipt.

Accordingly both the Complaint and this action are dismissed. This dismissal does not however excuse Jones' compliance with his obligations (1) to furnish this Court with the Stateville trust fund account printout and thereafter (2) to pay the $250 filing fee in appropriate installments. As for

---

[2] It seems likely that the other and more relevant form of Complaint provided by the Clerk's Office for pro se litigants, a Complaint of Employment Discrimination, may not be available at custodial institutions such as Stateville. In any event, it doesn't matter that nonlawyer Jones has put the wrong label on his claim--what matters instead is whether he is entitled to stay in court on any theory properly applicable to his allegations.

3

(more on this subject later), he is still subject to the restrictions imposed on prisoner litigants by Section 1915. Accordingly this Court (1) grants him in forma pauperis status in the limited sense of excusing prepayment of the entire filing fee and (2) is called upon to calculate the initial amount required to be paid on account of that fee under Section 1915(b)(1).

But the Sheridan trust fund printout, which shows Jones to have been incarcerated there for less than three months, includes a March 8, 2005 entry of $205.71 representing funds transferred in from Stateville Correctional Center ("Stateville"). Jones is therefore ordered promptly to obtain and to submit (identifying the submission with this Case No. 05 C 2387) a statement from Stateville showing all transactions in his trust fund account there from October 15, 2004 through March 3, 2005, so that this Court can make the required calculation under the statute. Even though this Court is independently sending a copy of this opinion to the Stateville authorities in the hope that they will provide the requested printout directly, there is of course no assurance that the request will be honored--so Jones must comply with the order in the preceding sentence in all events.

To shift to the substantive deficiencies exhibited by the Complaint, it is of course clear that Section 1983 does not apply to Jones' claims: None of the three defendants is a state actor suable under that statute. That alone is not fatal to Jones'

Jones' employment discrimination claims, if he can hereafter satisfy the preconditions to filing a timely lawsuit based on those claims, this dismissal is without prejudice to his ability to proceed in that fashion.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date: April 27, 2005